JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Paw, Thay Kaw, As Administratrix of the Estate of Bosco Htoo

**(b)** County of Residence of First Listed Plaintiff  Philadelphia Cnty, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

(See attachment)

## DEFENDANTS
Aramark Uniform & Career Apparel, LLC, (see attachment)

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

(See attachment)

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [X] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- [X] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### CIVIL RIGHTS
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

### IMMIGRATION
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332-1441, 28 U.S.C. 1446, 28 U.S.C. 1332

Brief description of cause:
Negligence and Strict Liability

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  [X] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE
September 27, 2021

SIGNATURE OF ATTORNEY OF RECORD
*Jacquelin Campbell*

### FOR OFFICE USE ONLY
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## CIVIL CASE COVER SHEET ATTACHMENT

### I.  (a) DEFENDANTS (cont')

ARAMARK  UNIFORM & CAREER APPAREL, LLC.; ARAMARK UNIFORM & CAREER APPAREL GROUP, INC.; ARAMARK A/K/A ARAMARK CORPORATION; PROTECTIVE INDUSTRIAL PRODUCTS, INC.; PIP USA MANUFACTURING, INC.; WORLDWIDE PROTECTIVE PRODUCTS, LLC; US MESH, INC. A/K/A XUSM, INC.; PROCESSING SOLUTIONS, LLC; HONEYWELL INTERNATIONAL, INC.; HONEYWELL SAFETY PRODUCTS USA, INC.; JBS S.A.; JBS USA HOLDINGS, INC.; JBS USA, LLC; JBS USA FOOD COMPANY HOLDINGS; JBS USA FOOD COMPANY; ARAMARK UNIFORM SERVICES; US MESH LLC; ORION EQUIPMENT INC.; BUNZL DISTRIBUTION LEASING, INC. A/K/A BUNZL PROCESSOR DIVISION; BUNZL DISTRIBUTION USA, LLC; BUNZL USA, LLC; BUNZL RETAIL SERVICES, LLC; BUNZL DISTRIBUTION NORTHEAST, LLC; BUNZL PROCESSOR DISTRIBUTION, LLC; BUNZL NORTHEAST, LLC; BUNZL RETAIL, LLC; and HANTOVER, INC.

Additional Defendant: A-D2 Services, Inc.

### I.  (c) Plaintiff's Attorneys

Richard K. Washington, Jr., Esquire
Lia X. Washington, Esquire
Washington & Washington
1650 Market Street, Suite 3600
Philadelphia, PA 19103
T:  215-925-4300
rkw@richardwashington.com
lxw@washingtonandwashington.com

Arthur L. Bugay, Esquire
Williams Cedar
One South Broad Street, Suite 1510
Philadelphia, PA 19107
Direct Dial:  267-273-7790 x. 7790,
215-557-0099
F:  267-273-7765
abugay@williamscedar.com

### I.  (c) Defendants' Attorneys

Defendants, Aramark a/k/a Aramark Corporation; Aramark Uniform & Career Apparel, LLC; Aramark Uniform & Career Apparel Group, Inc.; and Aramark Uniform Services were dismissed by Order dated August 26, 2021 attached hereto and as Exhibit F to the Notice of Removal.

Jim H. Fields, Jr., Esquire
William J. Ferren & Associates
P.O. Box 2903
Hartford, CT 06104
T: 215-274-1742
jhfields@travelers.com
*Attorney for Protective Industrial Products, Inc.; PIP USA Manufacturing, Inc.; Worldwide
Protective Products, LLC; US Mesh, Inc. a/k/a XUSM, Inc.; and Processing Solutions, LLC*


Ernest J. Bernabei, III, Esquire
Harminda M. Morales, Esquire
Pillinger Miller Tarallo
1880 JFK Boulevard, Suite 1803
Philadelphia, PA 19103
T: 215-789-6235
F: 215-789-6236
ebernabei@pmtlawfirm.com
hmorales@pmtlawfirm.com
*Attorney for Honeywell International Inc. and Honeywell Safety Products USA, Inc.*


Jacob C. Lehman, Esquire
Jacqueline E. Campbell, Esquire
200 S. Broad Street
Philadelphia, PA 19102
T: 215-545-7700
F: 215-732-4182
E: lehmanj@ggmfirm.com
    campbellj@ggmfirm.com
*Attorneys for Defendants, JBS USA Food Company; JBS S.A.; JBS USA Holdings, Inc.; JBS
USA, LLC; JBS USA Food Company Holdings*


Lisa Ondich, Esquire
Sherr Law Group
101 W. Airy Street, Suite 100
Norristown, PA 19401
T: 484-591-3000
F: 484-210-0099
londich@sherrlawgroup.com
*Attorney for Orion Equipment, Inc. a/k/a Orion American Legacy*

John E. Tyrrell, Esquire
Jacqueline Zoller, Esquire
Ricci Tyrrell Johnson & Grey
1515 Market Street, Suite 1800
Philadelphia, PA 19102
T: 215-320-3260
jtyrrell@rtjglaw.com
jzoller@rtjglaw.com
*Attorneys for Defendants, Bunzl Distribution Leasing, Inc. a/k/a Bunzl Processor Division; Bunzl Distribution USA, LLC; Bunzl USA, LLC; Bunzl Retain Services, LLC; Bunzl Distribution Northeast, LLC, Bunzl Processor Distribution, LLC, Bunzl Northeast, LLC; and Bunzl Retail, LLC*


Dawn Courtney Doherty, Esquire
Mary M. Labaree, Esquire
Marks, O'Neill, O'Brien, Doherty & Kelly
One Penn Center
1617 JFK Boulevard, PA 19103
T: 215-564-6688
ddoherty@moodklaw.com
mlabaree@moodklaw.com
*Attorneys for Defendant, Hantover, Inc.*


Michael F. Socha, Esquire
Gregory S. Hirtzel, Esquire
Fowler Hirtzel McNulty & Spalding
1860 Charter Lane, Suite 201
Lancaster, PA 17601
T: 717-553-2601
msocha@fhmslaw.com
ghirtzel@fhmslaw.com
*Attorneys for Additional Defendant, A-D2 Services Inc. f/k/a Orion Equipment, Inc.*

THAY KAW PAW, as Administratrix of the
Estate of Bosco Htoo,

                Plaintiff, DOCKETED

     v.

               AUG 2 3 2021

ARAMARK UNIFORM & CAREER APPAREL
LLC; ARAMARK UNIFORM & CAREER
APPAREL GROUP, INC. ARAMARK a/k/a
ARAMARK CORPORATION

              Defendants.

: 
: 
: 
: 
: 
: 
: 
: 
: 
: 
: 
: 
: 
: 
: 

Filed and Attested by the
Office of Judicial Records
15 JUN 2021 04:16 pm
G. IMPERATO

COURT OF COMMON PLEAS
OF PHILADELPHIA COUNTY

FEBRUARY TERM 2021
NO. 210201548

CONTROL NO.: AUG 2 6 2021

C. FORTE
CIVIL TRIAL DIVISION

RECEIVED

C. FORTE
CIVIL TRIAL DIVISION

## ORDER

AND NOW, this 26th day of August, 2021, upon consideration of the Preliminary
Objections of Defendants Aramark Uniform & Career Apparel, LLC, Aramark Uniform &
Career Apparel Group, Inc., Aramark Uniform Services, and Aramark, it is hereby ORDERED
and DECREED that the Aramark Defendants' Preliminary Objections to Plaintiff's Third
Amended Complaint are GRANTED.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Counts I and II in the
Third Amended Complaint of Plaintiff Thay Kaw Paw, as Administratrix of the Estate of Bosco
Htoo, are DISMISSED WITH PREJUDICE.

BY THE COURT:

_Michael E. Erdos_
   J.

210201548-Paw Vs Aramark Uniform



21020154800173

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 2129 South 7th Street, 2nd Floor, Philadelphia, PA 19148 _____

Address of Defendant: _____ JBS USA Food Company, 1770 Promontory Circle, Greeley, CO 80634 _____

Place of Accident, Incident or Transaction: _____ 249 Allentown Road, Souderton, PA 18964 _____

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 09/27/2021  _____ *Attorney-at-Law / Pro Se Plaintiff* _____  306647 *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
*(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☑ 7. Products Liability
☐ 8. Products Liability -- Asbestos
☐ 9. All other Diversity Cases
*(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____  *Sign here if applicable* _____  *Attorney I.D. # (if applicable)*
*Attorney-at-Law / Pro Se Plaintiff*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 2129 South 7th Street, 2nd Floor, Philadelphia, PA 19148 _____

Address of Defendant: _____ JBS USA Food Company, 1770 Promontory Circle, Greeley, CO 80634 _____

Place of Accident, Incident or Transaction: _____ 249 Allentown Road, Souderton, PA 18964 _____

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not  related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 09/27/2021  _____ /s/ Jacqueline Campbell _____  306647
*Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.**  *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

**B.**  *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☑ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____  _____ Sign here if applicable _____  _____
*Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| THAY KAW PAW, As Administratrix of the Estate of Bosco Htoo | CIVIL ACTION |
| vs. | NO. |
| ARAMARK  UNIFORM & CAREER APPAREL, LLC.; ARAMARK UNIFORM & CAREER APPAREL GROUP, INC.; ARAMARK A/K/A ARAMARK CORPORATION; PROTECTIVE INDUSTRIAL PRODUCTS, INC.; PIP USA MANUFACTURING, INC.; WORLDWIDE PROTECTIVE PRODUCTS, LLC; US MESH, INC. A/K/A XUSM, INC.; PROCESSING SOLUTIONS, LLC; HONEYWELL INTERNATIONAL, INC.; HONEYWELL SAFETY PRODUCTS USA, INC.; JBS S.A.; JBS USA HOLDINGS, INC.; JBS USA, LLC; JBS USA FOOD COMPANY HOLDINGS; JBS USA FOOD COMPANY; ARAMARK UNIFORM SERVICES; US MESH LLC; ORION EQUIPMENT INC.; BUNZL DISTRIBUTION LEASING, INC. A/K/A BUNZL PROCESSOR DIVISION; BUNZL DISTRIBUTION USA, LLC; BUNZL USA, LLC; BUNZL RETAIL SERVICES, LLC; BUNZL DISTRIBUTION NORTHEAST, LLC; BUNZL PROCESSOR DISTRIBUTION, LLC; BUNZL NORTHEAST, LLC; BUNZL RETAIL, LLC; HANTOVER, INC., *et al.* | |

## NOTICE OF REMOVAL OF DEFENDANT, JBS USA FOOD COMPANY

Defendant, JBS USA Food Company, by and through its undersigned counsel, hereby gives notice pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 of the removal of the action *Paw v. Aramark Uniform & Career Apparel, LLC, et al.* that is currently pending in the Court of Common Pleas of Philadelphia County under docket no. 210201548 to the United States District Court for the Eastern District of Pennsylvania. In support of its Notice of Removal, Defendant, JBS USA Food Company states the following:

By way of background, this is a wrongful death and survival action that was originally filed by Plaintiff, Thay Kaw Paw, as administratrix of the Estate of Bosco Htoo, in the Court of Common Pleas of Philadelphia County under docket no. 210201548. It arises from an alleged workplace accident at JBS Souderton, Inc.'s beef processing plant in Souderton, Pennsylvania on June 13, 2019. Plaintiff alleges that a knife came out of the hand of a co-worker, hit an adjacent table, and then bounced across a conveyor belt before striking Mr. Htoo in the neck, and that those injuries led to his death.

Plaintiff asserts a negligence cause of action against various JBS entities, claiming that those entities were negligently operated the plant. She asserts negligence and strict liability causes of action against various defendants she believes were involved in the manufacture, design, distribution and/or sale of the allegedly defective personal protective equipment worn by Mr. Htoo, including the butcher coat, stainless steel mesh apron, and metal mesh t-shirt.

In her initial and amended pleadings, Plaintiff named various Aramark entities as defendants. Because Plaintiff and Aramark were alleged to be citizens of Pennsylvania, there was no diversity of citizenship. However, on August 26, 2021, the Court of Common Pleas of Philadelphia County entered an Order dismissing Plaintiff's claims against the Aramark entities. It was at that point that the case first became removable, because there is diversity of citizenship between Plaintiff and the remaining defendants and the amount in controversy is met. This notice of removal was timely filed within 30 days from that Order with the unanimous consent of all defendants. Accordingly, and as more fully discussed herein, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, and the action pending in the Court of Common Pleas of Philadelphia County under docket no. 210201548 should be removed to this Court for all further proceedings pursuant to 28 U.S.C. §§ 1441 and 1446.

### A.   Plaintiff's Complaints

1.     Plaintiff initiated this action by filing a Complaint in the Court of Common Pleas of Philadelphia County, docketed at no. 210201548, on February 17, 2021. *See* Plaintiff's Complaint attached as **Exhibit A**.

2.     In her Complaint, she named as defendants the following: Aramark Uniform & Career Apparel, LLC; Aramark Uniform & Career Apparel Group, Inc.; Aramark a/k/a Aramark Corporation; Protective Industrial Products, Inc.; PIP USA Manufacturing, Inc.; Worldwide Protective Products, LLC; US Mesh, Inc. a/k/a XUSM, Inc.; Processing Solutions, LLC; Honeywell International, Inc.; Honeywell Safety Products USA, Inc.; JBS S.A.; JBS USA Holdings, Inc.; JBS USA, LLC; JBS USA Food Company Holdings; and JBS USA Food Company (collectively referred to hereinafter as "Original Defendants"). *Id.*

3.     Following preliminary objections filed by various defendants, Plaintiff filed an Amended Complaint on April 6, 2021 against the Original Defendants, as well as US Mesh LLC. *See* Plaintiff's Amended Complaint attached as **Exhibit B**.

4.     Following preliminary objections filed by various defendants, Plaintiff filed a Second Amended Complaint on May 6, 2021 against the Original Defendants, as well as US Mesh LLC and six "John Doe" defendants. *See* Plaintiff's Second Amended Complaint attached as **Exhibit C**.

5.     Following preliminary objections filed by various defendants, Plaintiff filed a Third Amended Complaint on June 2, 2021 against the Original Defendants, as well as US Mesh LLC; six "John Doe" defendants; Orion Equipment Inc. a/k/a Orion American Legacy; Bunzl Distribution Leasing, Inc. a/k/a Bunzl Processor Division; Bunzl Distribution USA, LLC; Bunzl USA, LLC; Bunzl Retail Services, LLC; Bunzl Distribution Northeast, LLC; Bunzl Processor

2051663_1.docx

Distribution, LLC; Bunzl Northeast, LLC; Bunzl Retail, LLC; and Hantover, Inc. *See* Plaintiff's Third Amended Complaint attached as **Exhibit D**.

6.        On July 26, 2021, Defendant, Orion Equipment Inc. a/k/a Orion American Legacy filed a Writ to Join A-D2 Services Inc. f/k/a Orion Equipment, Inc. as an additional defendant.

**B.        Service of Original Process**

7.        Defendants, Aramark Uniform & Career Apparel, LLC; Aramark Uniform & Career Apparel Group, Inc.; and Aramark a/k/a Aramark Corporation were served with the Complaint on February 23, 2021. *See* Court of Common Pleas of Philadelphia County Docket no. 210201548 attached as **Exhibit E**.

8.        Defendant, Aramark Uniform Services, was served with the Amended Complaint on April 16, 2021. *Id.*

9.        Defendants, Protective Industrial Products, Inc. and PIP USA Manufacturing, Inc., were served with the Complaint on March 9, 2021. *Id.*

10.      Defendants, Worldwide Protective Products, LLC and Processing Solutions, LLC, were served with the Complaint on March 11, 2021. *Id.*

11.      Defendant, US Mesh, Inc. a/k/a XUSM, Inc., was served with the Complaint on March 10, 2021. *Id.*

12.      Defendants, JBS USA Holdings, Inc.; JBS USA, LLC; JBS USA Food Company Holdings; and JBS USA Food Company, were served on March 10, 2021. *Id.*

13.      Defendants, Honeywell International, Inc. and Honeywell Safety Products USA, Inc., were served with the Complaint on March 10, 2021. *Id.*

14.      Defendant, US Mesh LLC, was served with the Amended Complaint on April 15, 2021. *Id.*

15.     Defendant, Orion Equipment, Inc., was served with the Third Amended Complaint on June 3, 2021. *Id.*

16.     Defendants, Bunzl Distribution Leasing, Inc. a/k/a Bunzl Processor Division; Bunzl Distribution USA, LLC; Bunzl USA, LLC; Bunzl Retail Services, LLC; Bunzl Distribution Northeast, LLC; Bunzl Processor Distribution, LLC; Bunzl Northeast, LLC; and Bunzl Retail, LLC, were served with the Third Amended Complaint on June 3, 2021. *Id.*

17.     Defendant, Hantover, Inc., was served with the Third Amended Complaint on June 3, 2021. *Id.*

18.     Additional Defendant, A-D2 Inc. f/k/a Orion Equipment, Inc., was served with the Writ to Join Additional Defendant on July 29, 2021. *Id.*

19.     To date, JBS S.A. has not been timely or properly served with original process.

**C.     Dismissal of Aramark Defendants by Order dated August 26, 2021**

20.     On June 15, 2021, Defendants, Aramark Uniform & Career Apparel, LLC; Aramark Uniform & Career Apparel Group, Inc.; Aramark a/k/a Aramark Corporation; and Aramark Uniform Services (collectively referred to hereinafter as "Aramark Defendants"), timely filed preliminary objections to Plaintiff's Third Amended Complaint. *Id.*

21.     On August 26, 2021, the Court of Common Pleas of Philadelphia County entered an Order sustaining the Aramark Defendants' preliminary objections and dismissing with prejudice, Counts I and II of the Third Amended Complaint. *See* Order dated August 26, 2021 attached as **Exhibit F**.

22.     Counts I and II of the Third Amended Complaint were the only two counts asserting claims against the Aramark Defendants. *See* Ex. D, *generally*, and at ¶¶ 290-330.

5

23.     Accordingly, the Order dismissing with prejudice Counts I and II of the Third Amended Complaint effectively dismissed the Aramark Defendants and all of Plaintiff's claims against those entities.

**D.      This Notice of Removal is timely, because it was filed within 30 days of the Order dismissing Plaintiff's claims against the Aramark entities.**

24.     Pursuant to 28 U.S.C. § 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, **order** or other paper from which it may first be ascertained that the case is one which is or has become removable." (emphasis added); *see also Bolger v. Utermohlen*, 485 F.Supp.3d 588, 593–94 (E.D. Pa. 2020) (finding that the Court had jurisdiction after the state court's order sustaining preliminary objections severed the non-diverse defendant from the case).

25.     Because Plaintiff alleges the decedent resided in Pennsylvania and the Aramark Defendants have a principal place of business in Pennsylvania, the case stated by the initial pleading and amended pleadings was not removable as the diversity of citizenship requirement was not met. *See* Ex. A, ¶¶ 7-11; Ex. B, ¶¶ 7-12; Ex. C, ¶¶ 7-12; and Ex. D, ¶¶ 7-12.

26.     However, the Order dated August 26, 2021 dismissed with prejudice Plaintiff's claims against the Aramark Defendants. *See* Ex. F.

27.     With the dismissal of the Aramark Defendants on August 26, 2021, there became diversity of citizenship as none of the remaining defendants are citizens of Pennsylvania.

28.     As more fully discussed below, the amount in controversy requirement is met.

29.     This Notice of Removal was filed with unanimous consent from the remaining defendants who have been served with original process within thirty days from the date of the Order dismissing the claims against the Aramark Defendants.

30.     Accordingly, this Notice of Removal was timely filed pursuant to 28 U.S.C. § 1446.

**E.     There is diversity of citizenship between plaintiff and remaining defendants.**

31.     "The legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent…" 28 U.S.C. §1332(c)(2).

32.     Plaintiff brought this action solely as the Administratrix of the Estate of Bosco Htoo and not as an individual. *See* Ex. D at p. 1 and ¶¶ 7-8.

33.     According to the Letters of Administration attached as "Exhibit –A" to Plaintiff's Complaints, **the decedent resided in Pennsylvania**. See Ex. A, ¶¶ 7-8; Ex. B, ¶¶ 7-8; Ex. C, ¶¶ 7-8; and Ex. D, ¶¶ 7-8.

34.     Even if Plaintiff's citizenship is considered, there is still diversity because she alleges residence in Pennsylvania. *Id.* at ¶ 7.

35.     "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…" 28 U.S.C. §1332(c)(1).

36.     A limited liability company's citizenship is determined by the citizenship of its members. *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412 (3d Cir. 2010).

37.     Defendant, Protective Industrial Products, Inc., is incorporated under the laws of **New York** with a principal place of business in **New York**. *See* Ex. D, ¶ 18; *see also* Consent to Removal of Defendants, Protective Industrial Products, Inc.; PIP USA Manufacturing, Inc.; Worldwide Protective Products, LLC; US Mesh, Inc. a/k/a XUSM, Inc.; Processing Solutions, LLC; and US Mesh LLC attached as **Exhibit G**.

38.     Defendant, PIP USA Manufacturing, Inc., is incorporated under the laws of **New York** with a principal place of business in **New York**. *See* Ex. D, ¶ 19; Ex. G.

39.     Defendant, Worldwide Protective Products, LLC, is a **New York** limited liability company with a principal place of business in **New York**. None of the members of Defendant, Worldwide Protective Products, LLC, are citizens of Pennsylvania. *See* Ex. D, ¶ 20; Ex. G.

40.     Defendant, US Mesh, Inc., was incorporated under the laws of **Massachusetts** with a principal place of business in **Massachusetts**. In August 2013, US Mesh, Inc. filed an Articles of Amendment changing its name to XUSM, Inc. In December 2013, XUSM, Inc. filed Articles of Voluntary Dissolution. XUSM, Inc. was incorporated under the laws of **Massachusetts** with a principal place of business in **Massachusetts**. *See* Ex. D, ¶ 21; Ex. G.

41.     Defendant, Processing Solutions, LLC, is a **North Carolina** limited liability company with a principal place of business in **New York**. None of the members of Defendant, Processing Solutions, LLC, are citizens of Pennsylvania. *See* Ex. D, ¶ 22; Ex. G.

42.     Defendant, US Mesh LLC, is a **Massachusetts** limited liability company with a principal place of business in **Massachusetts**. None of the members of Defendant, US Mesh LLC, are citizens of Pennsylvania. *See* Ex. D, ¶ 23; Ex. G.

43.     Defendant, Honeywell International, Inc., is a **Delaware** corporation with a principal place of business in **North Carolina**. *See* Ex. D, ¶ 31; *see also* Consent to Removal of Defendants, Honeywell International, Inc. and Honeywell Safety Products USA, Inc., attached as **Exhibit H**.

44.     Defendant, Honeywell Safety Products USA, Inc., is a **Delaware** corporation with a principal place of business in **North Carolina**. *See* Ex. D, ¶ 32; Ex. H.

8

45.     Defendant, JBS S.A., is a corporation organized under the laws of **Brazil** and maintains its principal place of business in Sao Paulo, **Brazil**. *See* Ex. D, ¶ 37; *see also* Consent to Removal of Defendants, JBS S.A.; JBS USA Holdings, Inc.; JBS USA, LLC; and JBS USA Food Company Holding, attached as **Exhibit I**.

46.     Defendant, JBS USA Holdings, Inc., ceased to exist in 2015, more than four years before the alleged incident. *See* Ex. I.

47.     Prior to December 2015, Defendant, JBS USA Holdings, Inc., was a **Delaware** corporation with its principal place of business in **Colorado**. *See* Ex. D, ¶ 41; Ex. I.

48.     On December 23, 2015, JBS USA Holdings, Inc. was converted from a Delaware corporation to a Delaware limited liability company and then to a non-Delaware entity—JBS USA Holding Lux S.à r.l., a Luxembourg entity. *See* Ex. I.

49.     Defendant, JBS USA, LLC, ceased to exist in 2015, more than four years before the alleged incident. *See* Ex I.

50.     Prior to December 2015, Defendant, JBS USA, LLC, was a **Delaware** limited liability company and with its principal place of business in **Colorado**. *See* Ex D, ¶ 45; Ex. I.

51.     On December 24, 2015, JBS USA, LLC was converted from a Delaware limited liability company to JBS USA Lux S.A., a Luxembourg company. *See* Ex I.

52.     Defendant, JBS USA Food Company Holdings, is a **Delaware** corporation with its principal place of business in **Colorado**. *See* Ex. D, ¶ 49; Ex. I.

53.     Defendant, JBS USA Food Company, is a **Delaware** corporation with its principal place of business in **Colorado**. *See* Ex. D, ¶ 50.

54.     Defendant, Orion Equipment, Inc. a/k/a Orion American Legacy, is a **Nebraska** corporation with a principal place of business in **Nebraska**. *See* Ex. D, ¶ 76; *see also* Consent to Removal of Defendant, Orion Equipment, Inc., attached as **Exhibit J**.

55.     Defendant, Bunzl Distribution Leasing, Inc. is incorporated under the laws of **Minnesota** with its principal place of business in **Missouri**. *See* Ex. D, ¶ 80; *see also* Consent to Removal of Defendants, Bunzl Distribution Leasing, Inc. a/k/a Bunzl Processor Division; Bunzl Distribution USA, LLC; Bunzl USA, LLC; Bunzl Retail Services, LLC; Bunzl Distribution Northeast, LLC; Bunzl Processor Distribution, LLC; Bunzl Northeast, LLC; and Bunzl Retail, LLC, attached as **Exhibit K**.

56.     Defendant, Bunzl Distribution USA, LLC, is a **Virginia** limited liability company with its principal place of business in **Missouri**. *See* Ex. D, ¶ 81; Ex. K.

57.     Defendant, Bunzl Distribution USA, LLC's sole member is Defendant, Bunzl USA, LLC, which is a **Virginia** limited liability company with its principal place of business in **Missouri**. *See* Ex. D, ¶ 82; Ex. K.

58.     Defendant, Bunzl USA, LLC's sole member is Bunzl USA Holdings, LLC, which is a **Virginia** limited liability company with its principal place of business in **Missouri**. Bunzl USA Holdings, LLC's  sole member is Bunzl Holdings, Inc., which is incorporated under the laws of **Virginia** with its principal place of business in **Missouri**. *See* Ex. K.

59.     Defendant, Bunzl Retail Services, LLC, is a **Virginia** limited liability company with its principal place of business in **Missouri**. Defendant, Bunzl Retail Services, LLC's sole member is Bunzl Distribution Mid Central Inc., which is incorporated under the laws of **Missouri** with its principal place of business in **Missouri**. *See* Ex. D, ¶ 83; Ex. K.

60.     Defendant, Bunzl Distribution Northeast, LLC, is a **Missouri** limited liability company with its principal place of business in **Missouri**. Defendant, Bunzl Distribution Northeast, LLC's sole member is Bunzl Distribution Mid Central Inc., which is incorporated under the laws of **Missouri** with its principal place of business in **Missouri**. *See* Ex. D, ¶ 84; Ex. K.

61.     Defendant, Bunzl Processor Distribution, LLC, is a **Missouri** limited liability company with its principal place of business in **Missouri**. Defendant, Bunzl Processor Distribution, LLC's sole member is Bunzl Distribution Mid Central Inc., which is incorporated under the laws of **Missouri** with its principal place of business in **Missouri**. *See* Ex. D, ¶ 85; Ex. K.

62.     Defendant, Bunzl Northeast, LLC, is a **Missouri** limited liability company with its principal place of business in Missouri. Defendant, Bunzl Northeast, LLC's sole member is Bunzl Distribution Mid Central Inc., which is incorporated under the laws of **Missouri** with its principal place of business in **Missouri**. *See* Ex. D, ¶ 86; Ex. K.

63.     Defendant, Bunzl Retail, LLC, is a **Missouri** limited liability company with its principal place of business in **Missouri**. Defendant, Bunzl Retail, LLC's sole member is Bunzl Distribution Mid Central Inc., which is incorporated under the laws of **Missouri** with its principal place of business in **Missouri**. *See* Ex. D, ¶ 87; Ex. K.

64.     Defendant, Hantover, Inc., is a **Missouri** corporation with a principal place of business in **Kansas**. *See* Ex. D, ¶ 91; Ex. L.

65.     Additional Defendant, A-D2 Services, Inc., is a **Nebraska** corporation with a principal place of business located in **Nebraska**. *See* Consent for Removal of Additional Defendant, A-D2 Services, Inc., attached as **Exhibit M.**

**F.      The amount in controversy is met.**

66.      Plaintiff alleges that a knife slipped out of a co-worker's hand, hit an adjacent cutting table, and then bounced across a conveyor belt before striking Mr. Htoo in the neck at approximately 6:30 a.m. on June 13, 2019. *See* Ex. D, ¶ 269.

67.      She alleges that Mr. Htoo died from his injuries at 7:31 a.m. that morning. *Id.* at ¶ 280.

68.      Plaintiff further alleges that Mr. Htoo suffered conscious pain and suffering, fear of impending death, permanent loss of earnings and earning capacity, loss of enjoyment of life, loss of life's pleasures, and loss of life's hedonic pleasures. *Id.* at ¶¶ 282-285.

69.      Mr. Htoo, was allegedly 33 years old at the time of his death and survived by his wife and daughter. *Id.* at ¶¶ 1037, 1044.

70.      Plaintiff's Complaint seeks damages for medical expenses, funeral expenses, estate expense, all recoverable damages under Pennsylvania's Wrongful Death Act, 42 Pa.C.S.A. § 8301, and all recoverable damages in a survival action pursuant to 42 Pa.C.S.A. § 8302. *Id.* at ¶¶ 1038-1040; 1048.

71.      The *ad damnum* clauses of Plaintiff's Complaint seek damages in excess of the state arbitration limits of $50,000.00. *See* Ex. D.

72.      Plaintiff filed this case as a "major jury" case in the state action, which provides for unlimited recovery.

**G.      Plea for Removal**

73.      This Court's jurisdiction is based upon diversity of citizenship under 28 U.S.C. §1332 insofar as "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between….citizens of different States." 28 U.S.C. §1332(a)(1).

2051663_1.docx

74.     A "notice of removal may assert the amount in controversy if the initial pleading seeks…a monetary judgment, but the state practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." 28 U.S.C. §1446(c)(2).

75.     "The amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Werwinski v. Ford Motor Co.*, 286 F.3d. 661, 666 (3d. Cir. 2002).

76.     "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

77.     As Plaintiff is deemed to be a citizen of Pennsylvania and none of the remaining defendants are citizens of Pennsylvania, there is diversity of citizenship pursuant to 28 U.S.C. §1332.

78.     Based on the allegations in Plaintiff's Third Amended Complaint, "any reasonable reading of the value of the rights being litigated in this matter" leads to the conclusion that the amount in controversy exceeds the jurisdictional limit of $75,000.00.

79.     All defendants who have been properly joined and served join in or consent to the removal of this action in accordance with 28 U.S.C. §1446(b)(2)(A). *See* Ex. G, H, I, J, K, M, which are attached hereto and incorporated by reference.

80.     Defendant, Hantover, Inc., disputes that it has been properly joined in the state court action and has pending preliminary objections challenging same; however, it nonetheless consents to the removal of this action without waiver of its right to challenge joinder. *See* Ex. E; Ex. L.

13

81.     This notice of removal is being filed within thirty days after receipt of an Order from which it could be first ascertained that the case became removable; therefore, it is timely pursuant to 28 U.S.C. §1446(b)(3); *see also Bolger v. Utermohlen*, 485 F.Supp.3d 588, 593–94 (E.D. Pa. 2020).

82.     Since the Court of Common Pleas of Philadelphia County is located within the Eastern District of Pennsylvania, removal of this case to the United States District Court for the Eastern District of Pennsylvania is proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

83.     Written notice that this Notice of Removal is being filed with this Court is being given to all parties and to the Court of Common Pleas of Philadelphia County.

84.     As there is complete diversity of citizenship, the amount in controversy is in excess of $75,000.00, and the procedural requirements for removal have been met, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 and removal is proper pursuant to 28 U.S.C. §§ 1441 and 1446.

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, JBS USA Food Company, respectfully requests that this case, *Paw v. Aramark Uniform & Career Apparel, LLC, et al.*, that is currently pending in the Court of Common Pleas of Philadelphia County under docket no. 210201548, be removed to the United States District Court for the Eastern District of Pennsylvania for all further proceedings.

Respectfully submitted,

GERMAN, GALLAGHER & MURTAGH

Date:   September 27, 2021

BY:

Jacob C. Lehman, Esquire
Jacqueline E. Campbell, Esquire
Attorneys for Defendant,
JBS USA Food Company
PA ID Nos. 306808 / 306647
200 S. Broad Street
Philadelphia, PA 19102
T:  215-545-7700
F:  215-732-4182
E:  lehmanj@ggmfirm.com
    campbellj@ggmfirm.com

15

| | |
|---|---|
| THAY KAW PAW, As Administratrix of the Estate of Bosco Htoo | COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY |
| vs. | |
| ARAMARK  UNIFORM & CAREER APPAREL, LLC.; ARAMARK UNIFORM & CAREER APPAREL GROUP, INC.; ARAMARK A/K/A ARAMARK CORPORATION; PROTECTIVE INDUSTRIAL PRODUCTS, INC.; PIP USA MANUFACTURING, INC.; WORLDWIDE PROTECTIVE PRODUCTS, LLC; US MESH, INC. A/K/A XUSM, INC.; PROCESSING SOLUTIONS, LLC; HONEYWELL INTERNATIONAL, INC.; HONEYWELL SAFETY PRODUCTS USA, INC.; JBS S.A.; JBS USA HOLDINGS, INC.; JBS USA, LLC; JBS USA FOOD COMPANY HOLDINGS; JBS USA FOOD COMPANY; ARAMARK UNIFORM SERVICES; US MESH LLC; ORION EQUIPMENT INC.; BUNZL DISTRIBUTION LEASING, INC. A/K/A BUNZL PROCESSOR DIVISION; BUNZL DISTRIBUTION USA, LLC; BUNZL USA, LLC; BUNZL RETAIL SERVICES, LLC; BUNZL DISTRIBUTION NORTHEAST, LLC; BUNZL PROCESSOR DISTRIBUTION, LLC; BUNZL NORTHEAST, LLC; BUNZL RETAIL, LLC; HANTOVER, INC., *et al.* | February Term, 2021<br><br>No. 1548 |

**DEFENDANT, JBS USA FOOD COMPANY'S**
**NOTICE OF FILING NOTICE OF REMOVAL**

TO:   PLAINTIFF, THAY KAW PAW,
      As Administratrix of the Estate of Bosco Htoo
      c/o Plaintiff's counsel, Richard K. Washington, Jr., Esquire
      *Via Electronic Filing*

Please take notice that Defendant, JBS USA Food Company, by and through its undersigned counsel, has filed a Notice in the United States District Court for the Eastern District of Pennsylvania for removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 of the above-captioned civil action now pending in the Court of Common Pleas of Philadelphia County at docket no. 210201548.

1

This case qualifies for removal under federal diversity jurisdiction pursuant to the aforesaid statutes because all parties to this action are citizens of different states and the amount in controversy exceeds $75,000.00. In accordance with 28 U.S.C. § 1446, a true and correct copy of the Notice of Removal is attached hereto and thus, filed of record with this Court.

GERMAN, GALLAGHER & MURTAGH

Date: September 27, 2021

BY: _____
Jacob C. Lehman, Esquire
Jacqueline E. Campbell, Esquire
Attorneys for Defendant,
JBS USA Food Company
PA ID Nos. 306808 / 306647
200 S. BROAD STREET
Philadelphia, PA 19102
T: 215-545-7700
F: 215-732-4182
E: lehmanj@ggmfirm.com
   campbellj@ggmfirm.com

2

| | |
|---|---|
| THAY KAW PAW, As Administratrix of the Estate of Bosco Htoo | COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY |
| vs. | |
| ARAMARK  UNIFORM & CAREER APPAREL, LLC.; ARAMARK UNIFORM & CAREER APPAREL GROUP, INC.; ARAMARK A/K/A ARAMARK CORPORATION; PROTECTIVE INDUSTRIAL PRODUCTS, INC.; PIP USA MANUFACTURING, INC.; WORLDWIDE PROTECTIVE PRODUCTS, LLC; US MESH, INC. A/K/A XUSM, INC.; PROCESSING SOLUTIONS, LLC; HONEYWELL INTERNATIONAL, INC.; HONEYWELL SAFETY PRODUCTS USA, INC.; JBS S.A.; JBS USA HOLDINGS, INC.; JBS USA, LLC; JBS USA FOOD COMPANY HOLDINGS; JBS USA FOOD COMPANY; ARAMARK UNIFORM SERVICES; US MESH LLC; ORION EQUIPMENT INC.; BUNZL DISTRIBUTION LEASING, INC. A/K/A BUNZL PROCESSOR DIVISION; BUNZL DISTRIBUTION USA, LLC; BUNZL USA, LLC; BUNZL RETAIL SERVICES, LLC; BUNZL DISTRIBUTION NORTHEAST, LLC; BUNZL PROCESSOR DISTRIBUTION, LLC; BUNZL NORTHEAST, LLC; BUNZL RETAIL, LLC; HANTOVER, INC., *et al.* | February Term, 2021<br><br>No. 1548 |

**DEFENDANT, JBS USA FOOD COMPANY'S**
**NOTICE OF FILING NOTICE OF REMOVAL**

TO:   OFFICE OF JUDICIAL RECORDS
      City Hall, Room 284
      Philadelphia, PA 19107
      *Via Electronic Filing*

Please take notice that Defendant, JBS USA Food Company, by and through its undersigned counsel, has filed a Notice in the United States District Court for the Eastern District of Pennsylvania for removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 of the above-captioned civil action now pending in the Court of Common Pleas of Philadelphia County at docket no. 210201548.

2051663_1.docx

This case qualifies for removal under federal diversity jurisdiction pursuant to the aforesaid statutes because all parties to this action are citizens of different states and the amount in controversy exceeds $75,000.00. In accordance with 28 U.S.C. § 1446, a true and correct copy of the Notice of Removal is attached hereto and thus, filed of record with this Court.

GERMAN, GALLAGHER & MURTAGH

Date: September 27, 2021

BY: _____
Jacob C. Lehman, Esquire
Jacqueline E. Campbell, Esquire
Attorneys for Defendant,
JBS USA Food Company
PA ID Nos. 306808 / 306647
200 S. BROAD STREET
Philadelphia, PA 19102
T: 215-545-7700
F: 215-732-4182
E: lehmanj@ggmfirm.com
   campbellj@ggmfirm.com

2

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing documents were served upon all counsel of record via electronic filing on this date. The undersigned certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

GERMAN, GALLAGHER & MURTAGH

Date: September 27, 2021

BY: */s/ Jacqueline E. Campbell, Esquire*
Jacob C. Lehman, Esquire
Jacqueline E. Campbell, Esquire
Attorneys for Defendant,
JBS USA Food Company
PA ID Nos. 306808 / 306647
200 S. BROAD STREET
Philadelphia, PA 19102
T:  215-545-7700
F:  215-732-4182
E:  lehmanj@ggmfirm.com
     campbellj@ggmfirm.com

1